PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1999 Buick LeSabre struck an object in the roadway while she was traveling on the exit ramp of1-470 onto Route 2 in Ohio County. 1-470 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:45 p.m. on August 15, 2005. The exit ramp of 1-470 onto Route 2 is a two-lane highway that narrows to one lane at the area of the incident involved in this claim. Claimant testified that she was driving on the exit ramp with a vehicle behind her and a vehicle to her left attempting to pass her when she saw an object in the road. She stated that she could not avoid the object because of the traffic around her and concrete barriers *107 to her right. Ms. Forster testified that the object appeared to be a piece of concrete that had broken off the road. Claimant’s vehicle struck the concrete sustaining damage the underside of the vehicle. Claimant’s vehicle sustained damage totaling $450.23.
The position of the respondent is that it did not have actual or constructive notice of the condition on the exit ramp of 1-470 at the site of the claimant’s accident for the date in question. Terry Kuntz, Interstate Supervisor for the respondent along the Interstates, testified that he had no knowledge of any holes or objects in the road on the exit ramp of 1-470 onto Route 2 for the date in question. Mr. Kuntz stated that he was first notified of a problem at the area of claimant’s incident on August 17, 2005. He further stated that this was a “blowout” where concrete breaks into pieces. Mr. Kuntz stated that this can be caused by intense heat or cold and that the concrete in this area had been breaking since the previous winter. He stated that respondent did asphalt patching along this stretch whenever it became aware of a problem. Respondent maintains that it had no actual or constructive notice of any holes on exit ramp of 1-470 at the site of the claimant’s accident for the date in question.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the object which claimant’s vehicle struck and that the object presented a hazard to the traveling public. The size of the object, given the time of the year in which claimant’s incident occurred, leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $450.23.
Award of $450.23